Cardozo, J., (dissented)
This case presents two questions under the statute of 1860, respecting assignments: viz., 1. can an assignment be executed by an attorney in. fact; and, 2, what effect does the omission to file the schedules required by the statute have upon the assignment ?
I think we shall arrive at a more -accurate conclusion, and find less embarrassment by considering these questions separately.
1. It is too late in this Court to claim that the statute is merely directory, so far as it demands that the assignment shall be in writing and acknowledged by the parties executing it, and while my individual opinion, concurring with the view of Mr. Justice Clerke in the case of Fairchild v. Gwynne (12 Abb. Pr. R., p. 35) is, that the cases in whichit has been decided that the statute in that particular, is mandatory, are erroneous. I propose to consider the question now presented, and which I think will require but a few remarks, upon the conceded ground that, until reviewed by the court of appeals, the law should be ■considered settled that the statute in this particular is mandatory.
But I know of no decision, and I apprehend that on principle it will be difficult to say that there is anything in'the statute which deprives an insolvent debtor of the right to grant ' •a power lo another, to execute an assignment for him.
. That right certainly existed at common law, and unless by ■express words, or necessary implication, the statute under consideration has destroyed it, it still continues. Keeping in mind .the familiar .doctrine that the attorney acts in the name of the *51 principal, and that what he does within the limit of his authority, is the act of his principal, I do not see how it is possible, to say that James W. Hart, the absent insolvent debtor, has not duly executed and acknowledged the assignment in question. He gave a special power to Columbus Hart and William J. Davidson, and each of them, to make the assignment for him, and it is acknowledged in his name, by them, as his attorneys. The assignment, therefore, so far as he is concerned, was made and duly acknowledged by him.
[The opinion then proceeds to discuss the other question; not adverted to in the opinion of the majority of the Court.]